UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESSIE MATTHEW DIAZ,

        Petitioner,

   v.

TIMOTHY FILSON, et al.,

        Respondents.

Case No. 3:17-cv-00570-HDM-CBC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), respondents' motion to dismiss (ECF No. 5), petitioner's traverse (ECF No. 9), and respondents' reply (ECF No. 10). The court finds that petitioner has not exhausted his state-court remedies for grounds 2 and 3 of the petition. The court thus grants in part respondents' motion to dismiss.

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

Ground 1 is a claim that trial counsel provided ineffective assistance because trial counsel did not order a mental evaluation of petitioner, both to determine petitioner's state of mind at the time of the offense and to determine whether petitioner was mentally impaired or competent to participate in formulating a defense. ECF No. 1, at 3. Petitioner raised a similar claim as ground 2 in his state-court post-conviction habeas corpus petition. Ex. 43, at 4-5 (ECF No. 7-7, at 5-6). The state district court denied the ground on its merits. Ex. 51 (ECF No. 7-15). The Nevada Court of Appeals affirmed. Ex. 100 (ECF No. 8-29). Respondents argue that petitioner did not allege in the state habeas corpus petition that counsel should have ordered a mental evaluation of petitioner. However, that additional fact does not fundamentally alter the claim from what petitioner presented to the state courts. See Vasquez v. Hillery, 474 U.S. 254, 260 (1986). Ground 1 is exhausted.

Respondents also argue that grounds 2 and 3 are not exhausted. Ground 2 is a claim that petitioner's sentences violate the Eighth Amendment because they are disproportionate to the crimes for which he is convicted. Ground 2 also appears to contain an associated claim of ineffective assistance of counsel. Ground 3 is a claim that petitioner's rights under the Fourteenth Amendment were violated because there was no evaluation of his mental health status at the time he committed the crimes or during the judicial proceedings. Ground 3 appears to be the claim that underlies the ineffective-assistance claim in ground 1. Even though ground 3 is related to ground 1, the two claims are legally distinct, and petitioner needed to present both the facts and the law of the claim in ground 3 to the state courts. See Kimmelman v. Morrison, 477 U.S. 365 (1986). Petitioner never presented these claims to the state courts. Grounds 2 and 3 are not exhausted.

Respondents argue that grounds 1 and 3 are not addressable in federal habeas corpus because petitioner pleaded guilty and he can bring only claims that his guilty plea was not voluntary and intelligent or that counsel's advice to plead guilty was ineffective assistance. Ground 1, in part, is a claim that counsel provided ineffective assistance by not securing an evaluation whether petitioner was mentally competent to participate in his defense. Ground 3, in part, is a claim that the proceedings in state court were unconstitutional because the state court did

not possess an evaluation whether petitioner was mentally competent. The allegations concerning mental competency raise the question whether petitioner's plea was intelligent and voluntary. Grounds 1 and 3 fall within the scope of acceptable claims that petitioner can bring even though he pleaded guilty.

Petitioner has filed a motion requesting status check (ECF No. 11). The motion is moot because this court's order informs him of the status of his case.

The petition (ECF No. 1) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983). Petitioner may voluntarily dismiss the unexhausted grounds 2 and 3 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust grounds 2 and 3, or he may move to stay this action while he returns to state court to exhaust grounds 2 and 3. If petitioner chooses the second option, the court makes no assurances about any possible state-law procedural bars or the timeliness of a subsequently filed federal habeas corpus petition. If petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). If petitioner chooses the last option, he also will need to designate an alternative choice in case the court declines to stay the action. Otherwise, the court will dismiss the action.

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 5) is **GRANTED** in part with respect to grounds 2 and 3.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to do one of the following: (1) inform this court in a sworn declaration that he wishes to dismiss grounds 2 and 3 of his petition (ECF No. 1), and proceed only on the remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss his petition (ECF No. 1) to return to state court to exhaust his state remedies with respect to the claims set out in grounds 2 and 3 of his petition (ECF No. 1), or (3) move to stay this action while

he returns to state court to exhaust his state remedies with respect to the claims set out in grounds 2 and 3 of his petition (ECF No. 1). Failure to comply will result in the dismissal of this action.

IT FURTHER IS ORDERED that if petitioner elects to dismiss the aforementioned grounds of his petition (ECF No. 1) and proceed on the remaining ground, respondents shall file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within forty-five (45) days after petitioner serves his declaration dismissing those grounds. Petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED: September 10, 2018

_____
HOWARD D. MCKIBBEN
United States District Judge