UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSIE MATTHEW DIAZ, | Case No. 3:17-cv-00570-HDM-CLB |
| Petitioner, | |
| v. | ORDER |
| TIMOTHY FILSON, et al., | |
| Respondents. | |

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C § 2254 filed by a Nevada state prisoner. The surviving claim of petitioner Jessie Matthew Diaz's ("Diaz") petition is before the court for consideration on the merits. (ECF No. 5). Respondents have answered (ECF No. 18), and Diaz has filed a document that the court construes as a reply. (ECF No. 25).

**Background**

Diaz challenges his state court conviction, pursuant to a guilty plea, on three counts of burglary, for which he is serving three consecutive terms of 38 to 96 months. Pursuant to the plea agreement, Diaz pleaded guilty to the three counts, the State dismissed the other eleven charges, and the parties would be free to argue on sentence. (Exs. 4, 5, 7 (Tr. 4-10), 8 & 62 (Tr. 28-29)).[1]

---

[1] The exhibits cited in this order, comprising the relevant state court record, are located at ECF Nos. 6-8.

1

During his plea canvass, Diaz stated that the only medication he had taken in the past 24 hours was his "depression pills" and that it did not affect his ability to understand the court. (Ex. 7 at 4)). Diaz acknowledged that he had spoken with his attorney about the plea agreement, had signed, read and understood the agreement, understood the elements of the offense, and understood the deal was "1 to 10 on each and [the parties were] free to argue on each." (*Id.* at 4-5, 8-9, 11). He understood that sentencing was within the sole discretion of the court and that no one had threatened or promised him anything to enter the plea. (*Id.* at 12).

When asked why he was pleading guilty, Diaz responded that he just went down the wrong path. The court asked if he "walked into a Jackson's gas station with a bad card." (*Id.*) Diaz responded, "Yes. I was monkeying around with credit cards, you know." (*Id.*) The court asked if he walked into the store with the intent to commit fraud, and Diaz answered "yes." (*Id.* at 12-13).

Defense counsel represented there was no question in her mind of Diaz's competency to enter a plea, assist counsel, or understand the nature of the proceedings. (*Id.* at 11).

At sentencing, Diaz stated:

> Well, I'm truly remorseful for the things I've done and, like I said, I've changed my ways. And I've made some mistakes and I'm ready to do my time for it. And I've been talking to the Chaplain and I'm a Born Again Christian. I've learned from this and I've changed and I'm not going to do any more crimes or never get caught with another credit card again in my life.

(Ex. 13 (Tr. 6)). The court then sentenced Diaz to 38 to 96 months on each count, each count consecutive to the others. (*Id.* at 7-8). Judgment of conviction was entered on May 2, 2013. (Ex. 14).

2

On June 10, 2013, Diaz, through counsel, filed a notice of appeal. (Ex. 16). The appeal was dismissed as untimely. (Ex. 23).

On April 22, 2014, Diaz filed a state petition for postconviction relief. (Ex. 28). Counsel was appointed and filed a supplemental petition. (Exs. 36 & 43). The supplemental petition asserted two claims: (1) ineffective assistance of counsel for failing to perfect a timely appeal on Diaz's behalf; and (2) ineffective assistance of counsel for failing to investigate Diaz' mental health and intellectual issues, which resulted in the entry of a plea that was not knowing, voluntary and intelligent. (Ex. 43). The state court dismissed the latter claim as conclusory and conducted an evidentiary hearing on the claim that counsel failed to perfect a timely appeal.

At the evidentiary hearing, the court noted, in relevant part, that Diaz "clearly is struggling with some issues of psychiatric nature, though not enough to raise an issue of competency." (Ex. 62 (Tr. 51)). The court went on to state that at the change of plea hearing, neither he nor Diaz's attorney felt that Diaz was unable to understand the nature of the proceedings. (*Id*. at 51-52).

The trial court ultimately granted Diaz's claim that counsel was ineffective for failing to file a timely appeal and authorized Diaz to file a direct appeal. (Ex. 63).  On direct appeal, the Nevada Court of Appeals affirmed Diaz's judgment of conviction. (Ex. 97). On appeal of the partial denial of Diaz's postconviction petition, the Nevada Court of Appeals affirmed. (Ex. 100).

Diaz thereafter filed the instant federal habeas petition.

3

**Standard**

28 U.S.C. § 2254(d) provides the legal standards for this Court's consideration of the merits of the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). This court's ability to grant a writ is limited to cases where "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (describing the AEDPA standard as "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (internal quotation marks and citations omitted.)

4

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Andrade*, 538 U.S. 63 (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Andrade*, 538 U.S. at 74 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529 U.S. at 409).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of § 2254(d)(2) controls on federal habeas review. *E.g.*, *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The governing standard is not satisfied by a showing merely that the state court finding was

5

"clearly erroneous." *Id.* at 973. Rather, AEDPA requires substantially more deference:

> .... [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence. The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Cullen*, 563 U.S. at 181. The state courts' decisions on the merits are entitled to deference under AEDPA and may not be disturbed unless they were ones "with which no fairminded jurist could agree." *Davis v. Ayala*, - U.S. -, 135 S. Ct. 2187, 2208 (2015).

**Analysis**

Ground One, the sole surviving claim of the petition, asserts ineffective assistance of trial counsel. Specifically, Diaz asserts that counsel was ineffective for failing to obtain a mental health evaluation to determine his state of mind at the time he committed the offense and whether he was impaired or competent to participate in formulating a defense. (ECF No. 1 at 3).

In addressing Diaz's claim, the Nevada Court of Appeals held:

> Diaz did not identify any evidence counsel could have uncovered through reasonably diligent investigation into these issues. Accordingly, Diaz did not meet his burden to demonstrate his counsel acted in an objectively

6

> unreasonable manner or a reasonable probability he would have refused to plead guilty and insisted on proceeding to trial had counsel investigated Diaz' background, education, and mental or emotional limitations.
>
> Further, in the written plea agreement, Diaz asserted he understood all matters contained within that agreement, including the charges and possible sentences, and he asserted his counsel had carefully explained the plea agreement to him. Moreover, at the plea canvass, Diaz informed the district court he had discussed the plea agreement with his counsel, he understood the agreement, and he then entered a guilty plea pursuant to the agreement.
>
> Under these circumstances, Diaz failed to demonstrate his counsel induced him to accept a guilty plea agreement he did not understand and Diaz did not demonstrate a reasonable probability he would have refused to plead guilty and would have insisted on proceeding to trial had counsel made further efforts to explain the guilty plea agreement. As Diaz' claim was not supported by specific allegations that are not belied by the record and because his claim would not have entitled him to relief, the district court properly dismissed it without considering it at the evidentiary hearing.

(Ex. 100 at 2-3).

The state courts' decision was not objectively unreasonable.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must satisfy two prongs to obtain habeas relief—deficient performance by counsel and prejudice. 466 U.S. at 687. With respect to the performance prong, a petitioner must carry the burden of demonstrating that his counsel's performance was so deficient that it fell below an "objective standard of reasonableness." *Id.* at 688. "'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (citation omitted). In assessing prejudice, the court "must ask if the defendant has met

7

the burden of showing that the decision reached would reasonably likely have been different absent [counsel's] errors." *Strickland*, 466 U.S. at 696.

Diaz did not here or in state court present any evidence of mental health issues that an evaluation would have uncovered, which would have either rendered him incompetent or provided a defense to the crimes with which he was charged. In fact, the record lacks any indication that Diaz did not understand the plea he was entering. Diaz repeatedly confirmed throughout the proceedings that he understood the crimes he had committed, felt remorseful, and did not intend to commit any more crimes. Further, Diaz has not established that he would not have plead guilty if he had been evaluated. Diaz received a substantial benefit from his decision to plead: eleven of the fourteen charges against him were dismissed. As such, Diaz has established neither deficient performance nor prejudice, and the state courts' rejection of this claim was neither contrary to, or an unreasonable application of, clearly established federal law, nor an unreasonable determination of the facts.

Diaz is not entitled to relief on Ground One of the petition.

**Certificate of Appealability**

In order to proceed with an appeal, Diaz must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Allen*, 435 F.3d at 951; 28

U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen*, 435 F.3d at 951 (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, Diaz has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

The court has considered the issues raised by Diaz, with respect to whether they satisfy the standard for issuance of a certificate of appealability and determines that none meet that standard. Accordingly, Diaz will be denied a certificate of appealability.

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that the petition for writ of habeas corpus relief (ECF No. 1) is DENIED. This action is therefore DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Diaz is DENIED a certificate of appealability.

The Clerk of Court shall enter final judgment accordingly and close this case.

IT IS SO ORDERED.

DATED: This 20th day of July, 2020.

*Howard D. McKibben*
———————————————
UNITED STATES DISTRICT JUDGE